Jeffrey R. Elliott, Esquire
Attorney I.D. 38147
Joan E. London, Esquire
Attorney I.D. 67934
KOZLOFF STOUDT
2640 Westview Drive
Wyomissing, PA 19610
610-670-2552                                    *Attorneys for Defendant*

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONNIE ONLEY, | : CIVIL ACTION |
|       Plaintiff, | : |
| | : |
|    v. | : No. 21-cv-4785 |
| | : |
| REDNER'S MARKETS, INC., | : |
|       Defendant. | : Assigned to: Wendy Beetlestone, J. |

---

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT, REDNER'S MARKETS, INC. TO PLAINTIFF'S
FIRST AMENDED COMPLAINT**

---

Defendant, Redner's Markets, Inc. ("Defendant"), through its undersigned attorneys, Jeffrey R. Elliott, Esquire; Joan E. London, Esquire, and Kozloff Stoudt, Professional Corporation, set forth the following as its Answer and Affirmative Defenses to the First Amended Complaint of Plaintiff, Connie Onley ("Plaintiff"):

## <u>INTRODUCTION</u>

1.      Admitted in part and denied in part. It is admitted only that Plaintiff initiated this action and made claims under Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act, as amended ("ADA"), and the Pennsylvania Human Relations Act

("PHRA").  It is denied, however, that Defendant violated any of these statutes or otherwise acted unlawfully towards Plaintiff, or that Plaintiff suffered any damages as a result of any act or omission of Defendant.

## JURISDICTION AND VENUE

2.      Denied. The averments of Paragraph 2 are denied as conclusions of law requiring no responsive pleadings.

3.      Denied. The averments of Paragraph 3 are denied as conclusions of law requiring no responsive pleadings.

4.      Denied. The averments of Paragraph 4 are denied as conclusions of law requiring no responsive pleadings.

5.      Denied. The averments of Paragraph 5 are denied as conclusions of law requiring no responsive pleadings

## PARTIES

6.      Defendant incorporates by reference its answers to Paragraphs 1-5 of the Plaintiff's Complaint as if the same were set forth more fully at length herein.

7.      Admitted.

8.      Admitted.

9.      Denied. The averments of Paragraph 9 are denied as conclusions of law requiring no responsive pleadings.

## FACTUAL BACKGROUND

10.     Defendant incorporates by reference its answers to Paragraphs 1-9 of the Plaintiff's Complaint as if the same were set forth more fully at length herein.

2

11.     Admitted.

12.     Admitted in part and denied in part. It is admitted that Plaintiff was employed with Defendant for approximately 4 years and was terminated on or about October 3, 2020. It is denied that Plaintiff's termination was unlawful.

13.     Admitted.


### Race Discrimination

14.     Denied. After reasonable investigation Defendant is without knowledge or information to form a belief as to the truth of the averments of paragraph 14 of Plaintiff's complaint, nor does it have any knowledge regarding the circumstances of Plaintiff's understanding regarding the demographics of Defendant's employees, and accordingly, such averments are denied. Strict proof of such averments is demanded at trial.

15.     Denied. The averments of Paragraph 15 are denied as conclusions of law requiring no responsive pleadings. In further answer and response to the extent a response is required, it is denied that "racism" exists, exited at any time relevant hereto or is/was condoned or exhibited by Defendant's management at any time. To the contrary, no such conditions existed at any time at either store where Plaintiff was employed.

16.     Denied. To the extent the averments of Paragraph 16 constitute conclusions of law such averments are denied as requiring no responsive pleadings. In further answer and response to the extent a response is required, it is denied Plaintiff was subjected to

discriminatory treatment based on her race at any time by any employee of Defendant's including Dave Goodman.

17.     Admitted in part and denied in part.  To the extent the averments of Paragraph 17 constitute conclusions of law such averments are denied as requiring no responsive pleadings. In further answer and response, to the extent a response may be required, though it is admitted that Goodman and Plaintiff did not get along or like each other and exhibited disdain and dislike for each other in the workplace, it is denied that Plaintiff's race had anything to do with the disdain each person displayed toward the other; it is further denied that Goodman made racially offensive comments to Plaintiff, talked down to her or treated her rudely because of her race. Plaintiff and Goodman did not like each other; Goodman as a meat cutter had more authority in the meat department than Plaintiff, she made repeated mistakes of consequence to operations in the meat department in Lansdale and he criticized and counseled her for it,  she resented him, any authority he attempted to exercise, and his criticism of her,  and they treated each other disrespectfully in the workplace to the point where management repeatedly met with them to attempt to mediate the conflict; this was not racist action, or based upon any *racial animus* as alleged by Plaintiff.

18.     Admitted in part and denied in part. It is admitted that Plaintiff transferred from the Lansdale location to the Audubon location, and that Audubon is not as close to Plaintiff's home [at the time] as the Lansdale store; the mileage between stores and Plaintiff's home can be confirmed by GPS or on a map, and accordingly speaks for itself. The remaining averments of Paragraph 18 are denied; it is denied that Plaintiff

transferred to Audubon because of Goodman's treatment of her, but rather of her own accord, and after seeking the Seafood Clerk position as an opportunity for herself at the newly opened Fresh Market store at Audubon; she approached the regional manager and sought the position without any mention of Goodman.

19.     Denied. To the extent the averments of Paragraph 19 constitute conclusions of law such averments are denied as requiring no responsive pleadings.  To the extent a response is required, after reasonable investigation, Defendant is without knowledge or information to form a belief as to the truth of the averments of paragraph 19 of Plaintiff's First Amended Complaint, regarding her expressions of "concern," and accordingly, such averments are denied. Strict proof of such averments is demanded at trial.

20.     Admitted in part and denied in part. It is admitted that employees, including Plaintiff, at the Audubon location spoke often with each other about a variety of topics including family, church and religion, and politics; it violates Defendant's policies to talk of or about sexual matters in the store and store employees who do are subject to discipline. After reasonable investigation Defendant is without knowledge or information to form a belief as to the truth of the remaining averments of paragraph 20 of Plaintiff's First Amended Complaint, and accordingly, such averments are denied. Strict proof of such averments is demanded at trial. Furthermore, and to the extent a response may be required, it is denied that the Defendant's management did not enforce standards of professionalism in the workplace. This is untrue; Defendant set and regularly enforced standards of professionalism in all of its workplaces, including the Lansdale and Audubon locations.

21.    Denied.   Defendant incorporates by reference its response to Paragraph 20 of the First Amended Complaint as though it were set forth herein at length.

22.    Admitted in part and denied in part. It is admitted that McGrory was an employee in the Meat Department at the Audubon location at the same time as Plaintiff. It is denied that McGrory exhibited racial discriminatory animus towards Plaintiff or any other employees of the Defendant at any time. In further answer and response to the subparagraphs of Paragraph 22 a. through g., after reasonable investigation Defendant is without knowledge or information to form a belief as to the truth of such averments and accordingly the same are denied. Strict proof of such averments is demanded at trial.

23.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information to for a belief as to the truth of the averments contained in Paragraph 23 and accordingly, the same are hereby denied. Strict proof of such averments is demanded at trial.

24.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information to for a belief as to the truth of the averments contained in Paragraph 24 and accordingly, the same are hereby denied. Strict proof of such averments is demanded at trial.

25.    Admitted in part and denied in part. It is admitted that Plaintiff and McGrory from time to time carried on conversations about a variety of topics including but not limited to meat cutting, customers, family, religion, church attendance, consumer affairs, and politics; the remaining averments of Paragraph 25 are denied as after reasonable investigation, Defendant is without sufficient knowledge or information to

6

form a belief as to the truth of such averments.  Strict proof of such averments is demanded at trial.

26.     Admitted in part and denied in part. It is admitted that one or more conflicts occurred in the workplace at Audubon between McGrory and Plaintiff.  In further answer and response, after reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 26 and accordingly, the same are hereby denied. Strict proof of such averments is demanded at trial.

27.     Admitted in part and denied in part. It is admitted that Plaintiff had several meetings with the Audubon Store Director, Karl Michener about varied topics, including disciplinary action of Plaintiff.   In further answer and response, after reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 27 and accordingly, the same are hereby denied. Strict proof of such averments is demanded at trial.

28.     Admitted in part and denied in part. It is admitted that on at least one occasion at Audubon Plaintiff was sent home by the Store Director, while matters of a disciplinary nature and involving Plaintiff's statements to co-workers about dildos and vibrators being brought to the store, were being investigated. In further answer and response, after reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 28 and accordingly, the same are hereby denied. Strict proof of such averments is demanded at trial.

29.     Admitted in part and denied in part. It is admitted that Plaintiff was terminated by Defendant on or about October 3, 2020, for making inappropriate sexually explicit and sexually graphic statements in the workplace about dildos and vibrators in violation of Defendant's personal conduct standards and sexual harassment policies. In further answer and response, after reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 29 and accordingly, the same are hereby denied. Strict proof of such averments is demanded at trial.

30.     Admitted in part and denied in part. It is admitted that McGrory was terminated for cause by Defendant as aforesaid.  In further answer and response it is denied as aforesaid that McGrory exhibited racially discriminatory animus toward Plaintiff or any other employees of Defendant at any time; the allegation to the contrary is untrue. Furthermore, after reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained in Paragraph 30 and accordingly, the same are hereby denied. Strict proof of such averments is demanded at trial.

31.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 31 and accordingly, the same are hereby denied. Strict proof of such averments is demanded at trial.

32.     Denied.   Denied. After reasonable investigation, Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments

contained in Paragraph 32 and accordingly, the same are hereby denied. Strict proof of such averments is demanded at trial.  By way of further answer and defense, it is denied that Defendant selectively enforced policies on conduct in the workplace, or terminated Plaintiff's employment due to race or alleged prior complaints of racial discrimination (the making of which are denied),  Strict proof is required at time of trial.

### Gender Discrimination

33.    Denied. The averments of Paragraph 33 are denied as conclusions of law requiring no responsive pleadings.

34.    Denied. The averments of Paragraph 34 are denied as conclusions of law requiring no responsive pleadings.

35.     Denied.  To the extent the averments of Paragraph 35 and all of its subparts a. through g.  constitute conclusions of law such averments are denied as requiring no responsive pleadings.  To the extent a response is required, it is denied Plaintiff was subjected to discrimination, harassment and or disparate treatment on the basis of her gender at any time at any of Defendant's store locations. In further answer and response, after reasonable investigation, Defendant is without knowledge or information to form a belief as to the truth of the averments of paragraph 35 and its subparts of Plaintiff's complaint, and accordingly, such averments are denied. Strict proof of such averments is demanded at trial.

36.    Admitted in part and denied in part. It is admitted Plaintiff was terminated as aforesaid on or about October 3, 2020 for cause and unrelated to any assertion of mistreatment on the basis of gender she made at the Lansdale store.  It is admitted that

Plaintiff asserted gender discrimination claims about Goodman to Defendant's management at the Lansdale store, which claims were promptly addressed by Defendant and a team of management officials, and mediated to Plaintiff's noted satisfaction. It is denied that Plaintiff's concerns were ignored; this allegation is untrue. Furthermore, to the extent Plaintiff's allegations constitute conclusions of law no responsive pleading is required. It is also denied as implied in Plaintiff's allegations, that her termination from the Audubon store was in any way related to her gender discrimination assertions in the Lansdale store; Plaintiff was terminated from the Audubon for cause and for violating Defendant's sexual harassment policies.

37.     Denied. McGrory's statement speaks for itself.

38.     Denied as a conclusion of law, requiring no response. By way of further answer and defense, it is denied that Plaintiff was subjected to a hostile work environment and/or terminated due to her gender and/or in retaliation for alleged complaints of gender discrimination (which complaints, except to the degree specifically admitted above, are denied). Strict proof is demanded at time of trial.

**Disability Discrimination**

39.     Denied. The averments of Paragraph 39 are denied as conclusions of law requiring no responsive pleadings.

40.     Denied. To the extent the averments of Paragraph 40 constitute conclusions of law such averments are denied as requiring no responsive pleadings. To the extent a response is required, after reasonable investigation, Defendant is without knowledge or information to form a belief as to the truth of the averments of paragraph 40 of Plaintiff's

complaint, and accordingly, such averments are denied. Strict proof of such averments is demanded at trial.

41.     Denied. The averments of Paragraph 41 constitute conclusions of law which require no responsive pleadings.

42.     Admitted in part and denied in part. It is admitted only that Plaintiff made Defendant's management aware she had some ambiguous and undefined health condition which required her to take time off for doctor's visits, which doctor's visits were permitted by Defendant without hesitation. The remainder of the averments of Paragraph 42 are denied as untrue; the allegations regarding Marcos *sic* Marco, the meat manager at Audubon and Michener did not occur.

43.     Denied.

44.     Denied. The averments of Paragraph 44 are denied as conclusions of law requiring no responsive pleadings.

45.     Denied.   It is denied that Plaintiff was subjected to a hostile work environment and/or terminated from employment due to alleged known/perceived health problems, alleged record of impairments, or in retaliation for alleged accommodations requests.  Strict proof is demanded at time of trial.

**COUNT I**
**Violations of 42 U.S.C. Section 1981**
**([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**

46.     Defendant incorporates by reference its answers to Paragraphs 1-45 of the Plaintiff's First Amended Complaint as if the same were set forth more fully at length herein.

47.     Denied. The averments of Paragraph 47 are denied as conclusions of law requiring no responsive pleadings.

48.     Denied. The averments of Paragraph 48 are denied as conclusions of law requiring no responsive pleadings.

49.     Denied. The averments of Paragraph 49 are denied as conclusions of law requiring no responsive pleadings.

50.     Denied. The averments of Paragraph 50 are denied as conclusions of law requiring no responsive pleadings.

51.     Denied. The averments of Paragraph 51 are denied as conclusions of law requiring no responsive pleadings.

**COUNT II**
**Violations of Title VII**
**([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**

52.     Defendant incorporates by reference its answers to Paragraphs 1-51 of the Plaintiff's First Amended Complaint as if the same were set forth more fully at length herein.

53.     Denied. The averments of Paragraph 53 are denied as conclusions of law requiring no responsive pleadings.

54.     Denied. The averments of Paragraph 54 are denied as conclusions of law requiring no responsive pleadings.

55.     Denied. The averments of Paragraph 55 are denied as conclusions of law requiring no responsive pleadings.

56.     Denied. The averments of Paragraph 56 are denied as conclusions of law requiring no responsive pleadings.

57.     Denied. The averments of Paragraph 57 are denied as conclusions of law requiring no responsive pleadings

**COUNT III**
**Violations of Title VII**
**([1] Gender Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**

58.     Defendant incorporates by reference its answers to Paragraphs 1-57 of the Plaintiff's First Amended Complaint as if the same were set forth more fully at length herein.

59.     Denied. The averments of Paragraph 59 are denied as conclusions of law requiring no responsive pleadings.

60.     Denied. The averments of Paragraph 60 are denied as conclusions of law requiring no responsive pleadings.

61.     Denied. The averments of Paragraph 61 are denied as conclusions of law requiring no responsive pleadings.

62.     Denied. The averments of Paragraph 62 are denied as conclusions of law requiring no responsive pleadings.

63.     Denied. The averments of Paragraph 63 are denied as conclusions of law requiring no responsive pleadings.

64.     Denied. The averments of Paragraph 64 are denied as conclusions of law requiring no responsive pleadings.

**COUNT IV**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3]**
**Hostile Work Environment)**

65.     Defendant incorporates by reference its answers to Paragraphs 1-64 of the

Plaintiff's First Amended Complaint as if the same were set forth more fully at length

herein. Moreover, as to Plaintiff's ADA claims, the Court has dismissed Plaintiff's

discrimination and hostile work environment claims based on "actual disability" under

42 U.S.C. § 12102(1)(A) by her Order of May 26, 2022, Document 24, which is incorporated

herein by reference; these claims to the extent they are distinguishable in Plaintiff's First

Amended complaint, require no responsive pleading.

66.     Denied. The averments of Paragraph 66 are denied as conclusions of law

requiring no responsive pleadings.

67.     Denied. The averments of Paragraph 67 are denied as conclusions of law

requiring no responsive pleadings.

68.     Denied. The averments of Paragraph 68 are denied as conclusions of law

requiring no responsive pleadings. By way of further answer, Plaintiff never requested

any form or *accommodation* as the term is understood in the ADA; this allegation

regarding accommodation requests is untrue and denied.

69.     Admitted in part and denied in part. The averments of Paragraph 69 are

denied as conclusions of law requiring no responsive pleadings. By way of further

answer, Plaintiff was never subjected to hostility or disparate treatment on the basis of

any health or physical condition in Defendant's workplaces where she worked; this

14

allegation is untrue and denied. It is admitted Plaintiff was terminated as aforesaid on or about October 3, 2020 for cause.

70.     Denied.

71.     Denied. The averments of Paragraph 71 are denied as conclusions of law requiring no responsive pleading.

WHEREFORE, Defendant demands judgment against Plaintiff, together with costs of suit and any other amounts allowable under the law, including reasonable attorneys' fees and all recoverable costs of suit which will be asserted against Plaintiff in accordance with the law and applicable procedures, at an appropriate time by Defendant

## COUNT V
## <u>Violations of the Pennsylvania Human Relations Act</u>

72.     Defendant incorporates by reference its answers to Paragraphs 1-71 of the Plaintiff's First Amended Complaint as if the same were set forth more fully at length herein.

73.     Denied.  The averments of Paragraph 73 are denied as conclusions of law requiring no responsive pleading.  By way of further answer and defense, Defendant incorporates by reference the responses to Counts I through IV, as they relate to allegations of violation of the PHRA, as though the same were set forth herein at length.

74.     Denied.  It is denied that Plaintiff has suffered any damage, and strict proof of any such damages is demanded at time of trial.

WHEREFORE, Defendant demands judgment against Plaintiff, together with costs of suit and any other amounts allowable under the law, including reasonable attorneys'

fees and all recoverable costs of suit which will be asserted against Plaintiff in accordance with the law and applicable procedures, at an appropriate time by Defendant.

AFFIRMATIVE DEFENSES

Defendant sets forth the following as affirmative defenses to the allegations in the Plaintiff's First Amended Complaint as permitted by the Federal Rules of Civil Procedure.

FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted in some or all of the counts in her First Amended Complaint against Defendant.

SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust statutorily required administrative processes with respect to her claim and the are, therefore, barred in whole or part because they exceed the scope of the allegations contained in Plaintiff's Charge of Discrimination.

THIRD AFFIRMATIVE DEFENSE

Plaintiff was at all times material and relevant hereto an "at-will" employee subject to being terminated by Defendant with or without cause.

FOURTH AFFIRMATIVE DEFENSE

Any employment action(s) taken in regard to Plaintiff by Defendant was/were taken in good faith and for legitimate non-discriminatory, non-retaliatory business reasons, which do not constitute discrimination, harassment, or retaliation, or otherwise violate the law in any regard.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff was terminated for cause, and for violation of Defendant's Employee Information and Handbook policies, specifically Defendant's policy prohibiting sexual harassment.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's workplace actions for which she was terminated for cause constituted willful misconduct sufficient for her to be denied unemployment compensation benefits, and which misconduct she admitted during sworn testimony at a fact-finding hearing before an appropriate governmental agency representative.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was properly disciplined for unprofessional behavior most notably bringing a sex tool or dildo aka vibrator into the workplace, making statements regarding using and cleaning a dildo or vibrator to co-workers in the workplace, and making statements about placing the sex tool as a "prank" in the work smock pocket of another employee.

EIGHTH AFFIRMATIVE DEFENSE

At no time was Plaintiff subjected to any adverse job action because of her race or gender, or disability, nor was she subjected to any racial or gender animus, or hostility on the basis of any alleged health condition at any time.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's allegations of discrimination, harassment, and retaliation may be barred in whole or in part by applicable statute of limitations and or the doctrines of unclean hands, laches, estoppel or waiver.

## TENTH AFFIRMATIVE DEFENSE

At no time did Plaintiff suffer from a condition constituting a disability under the American with Disabilities Act of 1990 or any of its amendments, or the PHRA, nor did she communicate at any time that any condition she believed she had or was diagnosed with impacted her ability to perform her job duties, or any essential functions of her job.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff was not discriminated against on the basis of her gender, race or purported disability status or her participation in any protected activity, or any unlawful reason.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff was at no time relevant or material hereto "disabled" as the term is defined under the ADA, its amendments, or any similar civil rights law or statute, including but not limited to the PHRA.

## THIRTEENTH AFFIRMATIVE DEFENSE

No major life activity of Plaintiff's was ever significantly affected by any alleged impairment or medical condition at any time relevant or material to her claims.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

At no time material or relevant hereto was Plaintiff regarded as having an impairment that substantially limited any major life activity; in fact, Plaintiff herself described herself as without disability in her hiring intake materials completed for Defendant at the time of her application for employment.

<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

At no time material or relevant hereto did Plaintiff have a record of impairment that substantially limited any major life activity.

<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

At no time did Plaintiff communicate to Defendant she believed she had a disability or any medical or physical condition for which she required accommodation under the law; nor did she ask for any such accommodation at any time.

<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

Defendant never denied Plaintiff reasonable accommodation.

<u>EIGHTEENTH FFIRMATIVE DEFENSE</u>

Defendant promptly and reasonable addressed any question, concern or complaint of Plaintiff regarding her race, gender or any other condition including purported disability status, throughout her employment with Defendant, it being denied that any such statements of concern or complaint or questions were made by or on behalf of Plaintiff during her employment.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any consequential damages or compensatory damages, nor has Plaintiff set forth sufficient facts to substantiate a claim for compensatory damages.

### TWENTIETH AFFIRMATIVE DEFENSE

Any damages Plaintiff claims to have suffered, including any emotional harm resulted from her own actions and circumstances outside of Defendant's employment, and not as a result of any action or omission on the part of Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, may be barred and/or limited by Plaintiff's failure to mitigate her damages, if any.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Any actions taken by Defendant in regard to Plaintiff were reasonable and taken in good faith and with legal justification; any and all disciplinary action taken in Plaintiff's regard was taken as a result of legitimate business reasons unrelated in any way to Plaintiff's race, gender or alleged disability status, or her participation in any protected activity.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover liquidated or punitive damages nor has Plaintiff's Complaint set forth facts sufficient to support claims for such damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

If Plaintiff sustained damages in the form of emotional injury by reason of that which is alleged in the complaint, which allegations are denied as set forth above, Plaintiff's exclusive remedy for such damages is governed by Pennsylvania Worker's Compensation statute.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has no claim for recovery of her attorneys' fees under any law or legal theory.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant has an exquisitely complete and reasonable equal employment opportunity (EEO) policy including complaint and investigation policies, and open door policies including hot-line and anonymous complaint procedures for any EEO complaint or purported complaint, including race, gender/sex, and disability discrimination and or related retaliation claims, which policies were distributed to Plaintiff, familiar to Plaintiff, and which policies Plaintiff failed to utilize in some or all of the alleged instances of discrimination and retaliation asserted in her complaint. Moreover, in some or all of the alleged instances of discrimination or retaliation contained in the complaint, Plaintiff did not make any complaint of discrimination or retaliation consistent with Defendant's Employee Information and Handbook and the policies contained therein.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant did not discriminate against Plaintiff as a woman and she was not treated any differently than any of the other employees in the Meat Department.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant did not discriminate against Plaintiff as an African-American and she was not treated any differently than any of the other employee, including any other employees in the Meat Departments at Lansdale or Audubon.

TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant did not discriminate against Plaintiff as having an actual, perceived, or record of disability and she was not treated any differently than any other employees in the Meat Departments at Lansdale or Audubon stores.

THIRTIETH AFFIRMATIVE DEFENSE

At all times during Plaintiff's employment, Defendant provided her with a work environment free of discrimination and harassment on the basis of race, gender/sex, and disability. Defendant made every good faith effort to detect and deter alleged discrimination in compliance with all relevant federal laws and regulations.

THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to allege facts showing that she engaged in protected activity required to support any claim of alleged discrimination or retaliation.

THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant's anti-harassment and anti-discrimination policies and complaint procedures were at all times reasonable and the policies were enforced by Defendant.

THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff made any complaints of harassment, or any other complaints regarding Plaintiff's co-worker's to Defendant's management, Defendant's

management acted promptly and reasonably in investigating the complained of behaviors.

<u>THIRTY-FOURTH AFFIRMATIVE DEFENSE</u>

At all times during Plaintiff's employment with Defendant, Defendant exercised reasonable care to prevent and correct promptly any illegal harassing behavior on the basis of race, gender/sex, and disability.

WHEREFORE, Defendant respectfully requests that Plaintiff's First Amended Complaint be dismissed in its entirety without prejudice and that Defendant be awarded attorneys' fees and related costs.

Respectfully submitted,

KOZLOFF STOUDT
Professional Corporation

<u>/s/ Jeffrey R. Elliott</u>
Jeffrey R. Elliott, Esquire
2640 Westview Drive
Wyomissing, PA 19610
(610) 670-2552
Attorneys for Defendant